UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00703-WYD

GRETCHEN K. WEGNER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on the Motion for an Award of Attorney Fees Under 42 U.S.C .§ 406(b) filed by Plaintiff's counsel on June 21, 2010. The motion requests a § 406(b) fee award in the amount of $5,281.90 for the 55.1 hours of work in this case by counsel. This fee is derived first by taking 25% of the total amount of past due benefits Plaintiff was entitled of $81,605.30 pursuant to a Contingent Fee Agreement authorizing Plaintiff's attorney to 25% of past due benefits. This amount, $20,407.33, is then reduced by the amounts of the awards of fees to counsel under the Equal Access to Justice act and 42 U.S.C. § 406(a), resulting in the amount sought of $5,281.90.

By way of procedural background, Plaintiff filed civil action numbers 05-cv-02073-WYD and 08-cv-00703-WYD in this Court. In the first filed case, I reversed the Commissioner's decision and remanded the case for further administrative proceedings by Order of March 14, 2007 and Judgment of March 15, 2007. After another

administrative hearing and appeal to this Court in case number 08-cv-00703-WYD, I reversed the case and remanded to the Commissioner for an immediate award of benefits by Order of September 28, 2009.  Plaintiff's counsel now seeks an award of § 406(b) fees in that case.

Turning to my analysis, 42 U.S.C. § 406(b) provides in pertinent part, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."  Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-09 (2002).  Instead, "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements."  *Id*.

Having reviewed the motion of Plaintiff's counsel, I find that the amount of fees sought is reasonable.  First, the net rate awarded counsel is $95.86 per hour.  Second, Plaintiff contracted with her counsel to pay 25% of past-due benefits, and the requested fee is reasonable because it reflects the contingent nature of the recovery.  Third, I find that the fee is reasonable because there was a substantial risk of loss in connection with the case, Plaintiff's attorney devoted considerable time and effort to presentation of Plaintiff's position, and the results obtained were favorable to Plaintiff.  Finally, the motion states that in conferring with counsel for the Commissioner, counsel advised

that while the Commissioner does not give authority to stipulate to § 406(b) motions generally, the § 406(b) motion at issue does not appear to be unreasonable.

Based on the foregoing, it is

ORDERED that the Motion for an Award of Attorney Fees Under 42 U.S.C § 406(b) (ECF No. 23 filed June 21, 2010) is **GRANTED**. In accordance therewith, it is

ORDERED that Plaintiff's counsel is awarded attorney fees under § 406(b) in the amount of **$5,281.90**.

Dated: September 27, 2010

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge